UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RODNEY LEWIS AND<br>ROSE LEWIS | * <br> * <br> * | CIVIL ACTION<br>NO.: |
| VERSUS | * <br> * | JUDGE: |
| WAL-MART, INC., WAL-MART LOUISIANA, LLC, DH PACE COMPANY, INC., A SUBSIDIARY OF E.E. NEWCOMER ENTERPRISES, INC., AND ZURICH AMERICAN INSURANCE COMPANY | * <br> * <br> * <br> * <br> * <br> * | MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes the Defendant, DH Pace Company, Inc., to file this Notice of Removal to the United States District Court for the Western District of Louisiana, pursuant to 28 USC §1441(b) ("removal based upon diversity of citizenship") and 28 USC §1446(b)(1) (filed within 30 days of service of Petition) on the following grounds:

1.

On February 3, 2021, the Plaintiffs Rodney Lewis and Rose Lewis filed suit against Wal-Mart, Inc., Wal-Mart Louisiana, LLC, DH Pace Company, Inc. (a subsidiary of E.E. Newcomer Enterprises, Inc.), and Zurich American Insurance Company. The Petition, along with all state court pleadings filed in the matter, have been attached hereto *in globo* as Exhibit 1.

2.

Plaintiff claims that he was injured from the operation of an automatic sliding electric door at the Wal-Mart store located in West Monroe, Louisiana, on February 6, 2020. *See* Petition at ¶¶ 2 and 3.

3.

On February 18, 2021, Wal-Mart, Inc. was served through its agent for service of process. *See* East Baton Rouge Sheriff's Office Proof of Service attached hereto as Exhibit 2.

4.

Wal-Mart Louisiana, LLC, was served through its agent for service of process on February 8, 2021. *See* Proof of Service on Wal-Mart from the East Baton Rouge Sheriff's Office attached hereto as Exhibit 3.

5.

Zurich American Insurance Company was served through the Secretary of State on February 18, 2021. *See* East Baton Rouge Sheriff's Office service information attached here as Exhibit 4.

6.

DH Pace Company, Inc. received Long Arm service via certified mail on **March 16, 2021.** *See* cover letter from Plaintiff's attorney and USPS tracking information attached here as Exhibit 5.

7.

The United States District Court for the Western District of Louisiana is the federal district court encompassing the Fourth Judicial District Court for the Parish of Ouachita,

State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 USC §1441(a) and 28 USC §98(c).

8.

As set forth in the Petition, Plaintiffs are domiciled in the state of Louisiana.

9.

As stated in the Petition, Wal-Mart, Inc. is a foreign corporation doing business in Louisiana. Wal-Mart, Inc. is a corporation domiciled in the state of Delaware and maintains its principal business office in Arkansas. *See* Louisiana Secretary of State Detailed Record for Wal-Mart, Inc. attached here as Exhibit 6.

10.

Wal-Mart Louisiana, LLC is a Delaware limited liability company whose sole member is Wal-Mart Stores, LP; Wal-Mart Stores, LP is a Delaware limited partnership which is comprised of WSE Management, LLC, which is the general partner and is a Delaware limited liability company, and WSE Investment, LLC, which is the limited partner and is a Delaware limited liability company; the sole member of each of these two limited liability companies is Wal-Mart Stores East, LLC which is an Arkansas limited liability company with its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas. See Corporate Disclosure Statement of Wal-Mart Louisiana, LLC attached here as Exhibit 7.

11.

DH Pace Company, Inc. is a Delaware corporation which has its principal business office in Kansas. *See* Secretary of State information attached hereto as Exhibit 8; Affidavit of Nathan Carrier attached as Exhibit 11.

12.

The plaintiff has identified DH Pace Company, Inc. as a subsidiary of E.E. Newcomer Enterprises, Inc. and does not make separate allegations against E.E. Newcomer and did not request service specifically on E.E. Newcomer. Thus, E.E. Newcomer is not a true "party" to the case as DH Pace Company, as a corporation, is a distinct juridical entity capable of being sued in its own right. Further, there is no allegation of "piercing the corporate veil" to impose liability on the alleged parent corporation, E.E. Newcomer. Out of an abundance of caution, the Defendants note that E.E. Newcomer Enterprises, Inc. is a corporation organized in the state of Missouri and which maintains its registered office in the state of Kansas. *See* Secretary of State information attached hereto as Exhibit 9; Affidavit of Nathan Carrier attached as Exhibit 11.

13.

Plaintiff has alleged that Zurich American Insurance Company is a foreign insurance company authorized to do business in the state of Louisiana. *See* Petition at ¶1(d)). Zurich American Insurance Company is an insurance company domiciled in the state of New York and which maintains its administrative office in the state of Illinois. *See* Zurich American Insurance Company information printout from the Louisiana Department of Insurance attached here as Exhibit 10.

14.

Because the Plaintiffs are citizens of Louisiana and the Defendants are citizens of foreign states, the requirements for diversity jurisdiction have been met. Further, the amount in controversy here is above the $75,000 threshold required by 28 USC §1332(a). Mr. Lewis claims in his Petition that he "sustained serious and severe personal injuries including partial and/or permanent disability and emotional distress." *See* Petition at ¶3. The Plaintiff's Petition further gives a specific description of the injuries that he claims to have sustained, including, but not limited to, "headaches, back pain, neck pain, right **shoulder pain (surgery),** right knee pain, and mental distress; along with related medical expenses and future medical expenses (surgery, injections, physical therapy); and, any and all other losses, for all of which petitioner Lewis is entitled to a judgment against defendants." *See* Plaintiff's Petition at ¶10 [emphasis added].

15.

Based on the contents of the Plaintiff's Petition, the amount in controversy is facially apparently based on the description of his injuries and associated treatment. Damages sought by the Plaintiff include past, present, and future medical expenses; past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional distress; loss of earnings and/or loss of earning capacity; loss of enjoyment of life; any and all injuries, damages, and losses that may be discovered and proven at the trial of this matter; and partial and/or permanent disability. *See* Plaintiff's Petition at ¶8.

16.

Defendants further note that they received, on April 12, 2021, certain medical records and bills from Plaintiffs' counsel. These records indicate that Mr. Lewis underwent physical therapy between February 11, 2020 and March 9, 2020. After consulting with the orthopedic specialist Dr. Douglas Brown, Mr. Lewis underwent a right shoulder arthroscopic open rotator cuff repair on May 14, 2020. The total medical expenses revealed incurred by the Plaintiffs' thus far are $24,693.69.

17.

The U.S. Fifth Circuit has held that the amount in controversy threshold can be met where it is facially apparent that the plaintiff's claims exceed $75,000 from the nature of the injuries described and the nature of the damages sought by the petition. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 883 (5th Cir. 12/4/00). In the *Gebbia* case, the plaintiff claimed in her petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. *Id.* at 881. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages, and earning capacity, and permanent disability and disfigurement. *Id.* In that case, as with this case, Art. 893 of the La. Code Civ. Proc. prohibited the allegation of a specific amount of damages and the plaintiff did not pray for a specific amount of damages. *Id.*

18.

The Fifth Circuit has explained that, where an amount sought is not included in the petition for damages, the defendant may prove $75,000 in controversy by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in

controversy that support a finding of the requisite amount. *See Gebbia* at 882-883. The court found, in *Gebbia*, that it was facially apparent from plaintiff's original petition that the claimed damages exceed $75,000. *Id.* at 883.

19.

Plaintiff has claimed various injuries, including a surgery for his shoulder. The pain and suffering damages alone, and certainly in combination with the anticipated medical expenses associated with the claimed injury, exceeds the $75,000 requirement. The Plaintiff also references headaches, back pain, neck pain, and right knee pain, in his Petition. *See* Petition at ¶10. Defendants dispute liability and medical causation, as set forth in their Answer to be filed, but nevertheless there is an amount "in controversy" which exceeds the $75,000 minimum.

20.

In the Western District of Louisiana, the Court has found that the allegations in a complaint along with the quantum cases cited by the removing defendant made it "facially apparent that the amount in controversy in the matter" exceeded $75,000. *See, Patrick v. Texas Roadhouse, Inc.*, 2017 WL 5617845, *2 (USDC-WDLA 10/5/17). As the *Texas Roadhouse* court noted, the Louisiana courts awarded and affirmed damages exceeding $75,000 for similar nonsurgical injuries as those claimed by the plaintiff in that case. *See Patrick* at *2 (*citing Peoples v. Fred Stores of Tennessee, Inc.*, 38 So. 3d 1209 (La. App. 3 Cir. 2010) ($85,000 in general damages for a cervical injury and left-sided pain); *Graffia v. Louisiana Farm Bureau Casualty Insurance Co.*, 6 So. 3d 270, 272-274 (La. App. 1 Cir. 2009) ($75,000 in general damages and over $12,000 in special damages for a cervical strain, neck pain, muscle spasms, and intense pain)).

21.

General damages awards relevant to a shoulder surgery likewise support removal in this matter. In a case in which the plaintiff underwent surgery to repair a labral tear in her shoulder ten months after a TV box fell on her, the Louisiana Second Circuit affirmed general damages in the amount of $150,000. *See Quinn v. Wal-Mart Stores, Inc.*, 774 So. 2d 1093, 1100 (La. 2nd Cir. 12/6/00). It should further be noted that $200,000 was awarded for pain and suffering damages to a plaintiff who underwent a shoulder arthroscopic surgery with rotator cuff repair and underwent 18 months of treatment for soft tissue injuries. *See Burch v. SNG,* 191 So. 3d 652 (La. App. 4 Cir. 4/7/16). Therefore, the quantum related to the Plaintiff's claim of a shoulder surgery, along with other alleged injuries to his neck and back, establish a facially apparent amount in controversy and exceeding $75,000.

22.

Counsel of record for Wal-Mart Stores, Inc. in the above-captioned case has consented to the removal, after conferring with undersigned counsel. Zurich American Insurance Company, as the alleged insurer of DH Pace, further consents to the removal of this action.

23.

Promptly after the filing of the Notice of Removal, Defendant will serve written notice upon the adverse parties, through their attorney of record and/or at their last known addresses, a copy of the Notice of Removal being filed with the Clerk of Court for the 4th

Judicial District Court for the Parish of Ouachita, to effect removal of this action, all in conformity with 28 USC §1446.

WHEREFORE, Defendant, DH Pace Company, Inc., prays that the above-described civil action be removed from the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, to this Honorable Court for a determination as provided by law; that this Court enter such orders and issue such processes as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid state court, and thereafter proceed with the civil action as if it were originally commenced in this Court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

BY: */s/ Gino R. Forte*
  **WADE A LANGLOIS, III (Bar #17681)**
  **GINO R. FORTE (#29190)**
  401 Whitney Ave., Suite 500
  Gretna, LA  70056
  Telephone:  (504) 362-2466
  Fax:  (504) 362-5938
  Email: wlanglois@grhg.net
      gforte@grhg.net
  *Counsel for Defendants, DH Pace Company, Inc. and Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of April 2021, the foregoing pleading was filed electronically with the Clerk using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Gino R. Forte*
GINO R. FORTE