OPC.CV.6345607
GF

# LONG-ARM CITATION

**RODNEY LEWIS AND ROSIE LEWIS**

**VS**

**WAL MART INC WAL MART LOUISIANA LLC DH PACE COMPANY INC. A SUBSIDIARY OF EE NEWCOMER ENTERPRISES INC AND ZURICH AMERICAN INSURANCE COMPANY**

**DOCKET NUMBER: C-20210355**
**SEC: C5**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

TO:  D H PACE COMPANY INC A SUBSIDIARY OF E.E. NEWCOMER ENTERPRISES INC
  THRU VIA LONG ARM REGISTERED AGENT  CORP SERVICE CO
  2900 SW WANAMAKER DRIVE SUITE 204
  TOPEKA , KS 66614

### YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for. You must EITHER do what the petition asks, OR, within THIRTY (30) days after the filing in the record of the affidavit of the individual who either mailed or actually delivered the process to you, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Courthouse, 301 South Grand, Monroe, Louisiana. If you do not do what the petition asks, of if you do not file an answer or other legal pleading within the delays allowed by law, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish this FEBRUARY 3, 2021.

OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DAMAGES

By: _____
 **GAIL FORD**
 Deputy Clerk

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REGULAR MAIL a certified copy of this Citation on this the FEBRUARY 3, 2021, for mailing to D H PACE COMPANY INC A SUBSIDIARY OF E.E. NEWCOMER ENTERPRISES INC.

TO:  JEFFREY D GUERRIERO
  2200 FORSYTHE AVE MONROE, LA. 71201

_____
 **GAIL FORD**
 Deputy Clerk

_____ ORIGINAL -- TO BE FILED IN RECORD

CERTIFIED TRUE COPY
FEB 03 2021
BY _____
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA


EXHIBIT 1

STATE OF LOUISIANA * PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

RODNEY LEWIS AND ROSE LEWIS

VERSUS NO.: 21-0355

WAL-MART, INC., WAL-MART LOUISIANA, L.L.C., D.H. PACE COMPANY, INC. A SUBSIDIARY OF E. E. NEWCOMER ENTERPRISES, INC., AND ZURICH AMERICAN INSURANCE COMPANY

FILED: FEB 03 2021

DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel come Petitioners, RODNEY LEWIS AND ROSE LEWIS (hereinafter known as PETITIONERS LEWIS), husband and wife both major domiciliaries of Ouachita Parish, Louisiana, who respectfully represent:

1.

Made Defendants herein are the following:

a. **WAL-MART, INC.,** (Defendant Wal-mart), a foreign corporation authorized to do and actually doing business in the State of Louisiana, which company can be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

b. **WAL-MART LOUISIANA, LLC,** (Defendant Wal-mart LLC), a foreign corporation authorized to do and actually doing business in the State of Louisiana, whose registered agent for service of process is C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

c. **D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC.,** (Defendant D. H. Pace), a company authorized to do and actually doing business in the State of Kansas, who can be served through the Louisiana Long Arm Statute; and

d. **ZURICH AMERICAN INSURANCE COMPANY,** (Defendant Zurich), a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Louisiana Secretary of State;

2.

Petitioner Rodney Lewis shows that on or about February 6, 2020, Petitioner Lewis was a guest invitee of Wal-Mart, Inc. located at 1025 Glenwood Drive in West Monroe, Louisiana located within the confines of Ouachita Parish.

CASE ASSIGNED TO: CV. SECT. 5

CLERK OF COURT
OUACHITA PARISH

2021 FEB -3 ⊂ 3:09

RECEIVED

3.

As Petitioner Lewis was exiting said Wal-mart store located at the garden center exit the automatic sliding electric door at the entrance/exit that customers use to enter and exit the store, closed on him thereby causing Petitioner Lewis to sustain serious and severe personal injuries including partial and/or permanent disability and emotional distress.

4.

The electric automatic sliding door which malfunctioned and closed on Petitioner Lewis amounted to a dangerous and defective condition which existed upon the premises owned, managed, and/or operated by defendant **WAL-MART, INC. and/or WAL-MART LOUISIANA, LLC**, thus rendering this defendant liable to Petitioner for all damages complained of herein. It is alleged on information and belief that employees/agents of Defendant(s), **WAL-MART, INC. and/or WAL-MART LOUISIANA, LLC**, actually created and/or caused this defective condition and/or failed to remedy the condition; thus, rendering it not fit for its intended use. In the alternative, Petitioner Lewis shows that Defendant knew, or in the exercise of reasonable care, should have known of the existence of this defective condition, had an opportunity to remedy and/or warn of same, and simply failed to do so.

5.

Petitioner Lewis also shows the Defendant, D.H. Pace Company, Inc which is a subsidiary of E.E. Newcomer Enterprises, Inc., was in fact the manufacturer of the sliding door which malfunctioned and closed on Petitioner Lewis. It is alleged on information and belief that an employee/agent of Defendant D. H. Pace Company, Inc. created and/or caused this defective condition and/or failed to remedy the condition; thus, rendering it not fit for its intended use. In the alternative, Petitioner Lewis shows that Defendant knew, or in the exercise of reasonable care, should have known of the existence of this defective condition, had an opportunity to remedy and/or warn of same, and simply failed to do so. Thus, rendering this defendant liable to Petitioner for all damages complained of herein. Additionally, the automatic electric sliding door and/or sensor were not fit for its intended purpose because they failed to function as intended.

6.

Petitioner Lewis was, at all times relevant herein, attentive and aware of his surroundings and did not in any way contribute to or cause his injury and was generally unaware of the impending incident.

7.

Petitioner Lewis shows that the proximate cause of the accident in question was the negligent actions of Defendants **WAL-MART, INC., WAL-MART LOUISIANA, LLC, AND D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC.** for the reason stated above and in the following non-exclusive manner:

a) Failing to see that the automatic electric sliding door and/or sensor in question was not functioning properly;

b) Failing to provide for the safety and well-being of their customers specifically Petitioner, Rodney Lewis;

c) Failing to properly inspect their premises on a regular basis including but not limited to the automatic electric sliding door and/or sensor;

d) Failing to warn Petitioner Lewis of the dangerous condition existing upon said premises;

e) Allowing a dangerous condition to remain for an unreasonably long period time, thereby creating a trap and/or defective condition for Petitioner Lewis herein and others;

f) Failing to inspect and take a positive action to correct the dangerous condition sued upon herein;

g) Failing to provide an adequate system of inspection and repair procedures adequate to maintain the premises involved in the subject accident;

h) Failing to exercise due care and caution under all circumstances and conditions then and there existing;

i) Failing to warn Petitioner Lewis and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to Petitioner Lewis;

j) Failing to make reasonable inspection of the premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Petitioner Lewis and others lawfully on said premises;

k) Allowing the aforementioned premises to remain in a dangerous condition thereby making the automatic electric sliding door and/or sensor unfit for entry/exit;

l) Failing to properly maintain their premises and/or failing to maintain the automatic electric sliding door and/or sensor;

m) Failure to ensure the automatic electric sliding door sensor was functioning properly;

n) Failure to properly maintain the door motion sensors;

o) Failure to ensure the motion sensors were improperly installed and/or adjusted so that would meet ANSI standards;

p) Failure to properly maintain the motion sensor that operated the automatic electric sliding door;

q) Motion sensors were improperly installed and adjusted so they did not meet the ANSI standard which said defect can be detected with proper inspection and maintenance of the doors and/or sensors;

r) The delay on the automatic doors were set too short which caused them to close to quickly; and

s) The closing speed on the doors were set too fast for a grocery store where customers specifically, Petitioner Lewis, would be entering and exiting their facility/store.

8.

Petitioner Lewis alleges the following non-exhaustive general and specific damages for which he is entitled to recover in an amount calculated to adequately compensate him for the injuries and damages he sustained:

f) Past, present, and future medical expenses;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future mental anguish and emotional distress;

d) Loss of earnings and/or loss of earning capacity;

e) Loss of enjoyment of life;

f) Any and all injuries, damages, and losses that may be discovered and proven at the trial of this matter; and

g) Partial and/or permanent disability.

9.

Plaintiff further avers that Defendant ZURICH at all material times mentioned herein provided a policy of insurance for Defendant D. H. Pace that among other coverages provided coverage for the acts of Defendant D. H. Pace described in this matter, with the result that said

coverage inures to the benefit of Plaintiff which makes Defendant ZURICH liable severally and in solido with Defendant D. H. Pace for all damages related to and/or suffered by Petitioners Lewis.

10.

Petitioner Lewis shows that as a result of the accident in question, he suffered severe personal injuries, including but not limited to, headaches, back pain neck pain, right shoulder pain (surgery), right knee pain, and mental distress; along with related medical expenses and future medical expenses (surgery, injection(s), physical therapy); and, any and all other losses, for all of which Petitioner Lewis is entitled to a judgment against Defendants, **WAL-MART, INC., WAL-MART LOUISIANA, LLC, D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC. AND ZURICH AMERICAN INSURANCE COMPANY,** in an amount commensurate with his losses, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

10.

Petitioner, ROSE LEWIS, shows that as a direct result of the injuries and damages sustained by her husband, that she has suffered a loss of consortium with her husband, including the restriction of duties around the house and restriction of their personal relationship, for which she desires and is entitled to judgment against the named Defendants herein, **WAL-MART, INC., WAL-MART LOUISIANA, LLC, D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC. AND ZURICH AMERICAN INSURANCE COMPANY,** severally and in solido, in an amount commensurate with her losses, with legal interest thereon from date of judicial demand and for all costs of these proceedings.

11.

Petitioners Rodney Lewis and Rose Lewis show that it may be necessary to use medical and other expert witnesses at trial and their fees, together with any expenses for taking of their depositions, should be fixed and taxed as costs in these proceedings.

**WHEREFORE PETITIONERS, RODNEY LEWIS AND ROSE LEWIS,** PRAY that this Petition be duly filed and served according to law, and that the Defendants, **WAL-MART, INC., WAL-MART LOUISIANA, LLC, D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC. AND ZURICH AMERICAN INSURANCE COMPANY,** be cited to appear and answer same, and that after all necessary and legal delays that there be judgment in favor of **PETITIONERS RODNEY LEWIS AND ROSE LEWIS** and against Defendants

WAL-MART, INC., WAL-MART LOUISIANA, LLC, D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC., AND ZURICH AMERICAN INSURANCE COMPANY, severally and in solido in an amount commensurate with his losses as described in the Petition hereinabove, with legal interest thereon from date of judicial demand, and for all costs of these proceedings.

                                        Respectfully submitted

                                        **Guerriero & Guerriero**
                                        **2200 Forsythe Avenue**
                                        **Monroe, Louisiana 71201**
                                        **Tel:  (318) 325-4306**
                                        **Fax:  (318) 323-8406**

                                        By: _____
                                          **JEFFREY D. GUERRIERO - #19602**
                                          **BRYAN J. CREEKMORE - #37086**
                                          ATTORNEYS FOR PETITIONER
                                          RODNEY LEWIS

**Please Serve:**

**WAL-MART, INC**
who may be served through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

**WAL-MART LOUISIANA, LLC**
who may be served through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

**D. H. PACE COMPANY, INC., a subsidiary of E. E. NEWCOMER ENTERPRISES, INC.,** - *through the Louisiana Long Arm Statute*
whose registered agent for service of process,
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614

**ZURICH AMERICAN INSURANCE COMPANY**
who may be served through its registered agent for service of process,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

CERTIFIED
TRUE COPY

FEB 03 2021

BY: _____
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

| | |
|---|---|
| **RODNEY LEWIS AND ROSE LEWIS** | **NUMBER: 21-0355** |
| **VERSUS** | **4TH JUDICIAL DISTRICT COURT** |
| **WAL-MART INC., ET AL.** | **OUACHITA PARISH, LOUISIANA** |

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC ("defendants"), who in response to the allegations of the Petition for Damages filed by plaintiffs, RODNEY LEWIS and ROSE LEWIS ("plaintiffs"), deny each and every allegation contained therein, except as specifically admitted hereinafter. And now, responding to the separately numbered allegations of plaintiff's petition for damages, defendants respond as follows:

## ANSWER TO PETITION FOR DAMAGES

1.

Defendants admit that they are named as defendants. In further answering, defendants aver that the entity which owns and operates the store where the incident allegedly occurred is Wal-Mart Louisiana, LLC. Defendants deny the remaining allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.

Defendants deny the allegations of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.

Defendants deny the allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4.

1

5.

Defendants deny the allegations of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.

Defendants deny the allegations of paragraph 6.

7.

Defendants deny the allegations of paragraph 7 and each of its subparts.

8.

Defendants deny the allegations of paragraph 8 and each of its subparts.

9.

Defendants deny the allegations of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.

Defendants deny the allegations of paragraph 10.

11.

Defendants deny the allegations of paragraph 11.

IN FURTHER ANSWERING, defendants affirmatively plead as follows:

12.

Defendants affirmatively plead the fault of plaintiff, Rodney Lewis, as the sole cause of the damages complained of by plaintiffs. Plaintiff, Rodney Lewis, failed to keep a proper lookout and to observe his surroundings, and to exercise reasonable care for the safety and protection of his own person.

13.

In the alternative, defendants affirmatively plead the comparative fault of plaintiff, Rodney Lewis, or third persons. To the extent any fault is allocated to plaintiff, Rodney Lewis, or third persons, any damages awarded against defendants, the right to which is

denied, should be reduced in proportion to the fault of plaintiff, Rodney Lewis, or third persons.

14.

Defendants affirmatively plead the fault of third persons for whom defendants are not responsible and whose fault may have caused or contributed to the damages plaintiffs claims to have suffered.

15.

Defendants affirmatively plead plaintiffs' failure to mitigate their damages.

16.

Defendants allege, without admitting any liability whatsoever, that any acts or omissions of defendants were superseded by the acts or omissions of others, including those of plaintiff, Rodney Lewis, or third persons, all of which were independent, intervening and superseding causes of all alleged injury, damage or loss.

17.

Subject to further investigation and discovery, plaintiffs' claims may have prescribed under applicable statutes of limitation.

18.

Defendants show that if any of the medical expenses claimed by plaintiffs in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), plaintiffs have no cause of action for recovery of any such medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of plaintiffs constitutes a complete assignment of rights to said entities for recovery of those benefits.

19.

Defendants show that they are entitled to a credit for any medical expenses discounted or mark down by any provider pursuant to an agreement with plaintiffs or

3

plaintiffs' counsel and with regard to any mark down or discount resulting from health insurance payments or pursuant to a health insurance contract under the Balanced Billing Act, La. R.S. 22:1874.

20.

Defendants are entitled to a reduction in the amount for which they may be held liable in judgment in accordance with the degree or percentage of fault and/or negligence attributable to plaintiffs, or to any and all other persons and legal entities, including those which may be or are released by settlement, bankruptcy, or otherwise, all in accordance with the laws of indemnity, comparative negligence, subrogation, and/or contribution.

21.

Defendants show that they are entitled to a credit for any medical expenses discounted or marked down by any healthcare provider who paid such expenses on behalf of or to plaintiffs pursuant to the Louisiana Workers' Compensation Act.

22.

Defendants reserve the right to assert additional affirmative defenses based upon further investigation and discovery.

23.

Defendants are entitled to and prays for a trial by jury as to all issues triable by a jury.

WHEREFORE, defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC, respectfully pray the above and foregoing answer be deemed good and sufficient; and that following due proceedings had, there be judgment herein in favor of defendants and against plaintiffs, rejecting and dismissing the claims and demands of the plaintiffs at plaintiffs' cost.

DEFENDANTS FURTHER PRAY for all general and equitable relief.

DEFENDANTS FURTHER PRAY for a jury trial as to all issues triable by a jury.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By: _____
Scott R. Wolf, La. Bar #28277

700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC. and
WAL-MART LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answer to Petition for Damages has this date been served upon the following parties by placing same in the United States Mail, postage paid.

> Jeffrey D. Guerriero
> Guerriero & Guerriero
> 2200 Forsythe Avenue
> Monroe, Louisiana 71201
> *Attorneys for Plaintiff*

Shreveport, Louisiana, this 10th day of February, 2021.

_____
OF COUNSEL

5

| | |
|---|---|
| RODNEY LEWIS AND<br>ROSE LEWIS | NUMBER: 21-0355 |
| VERSUS | 4TH JUDICIAL DISTRICT COURT |
| WAL-MART INC., ET AL. | OUACHITA PARISH, LOUISIANA |

### REQUEST FOR NOTICE OF TRIAL AND JUDGMENT

NOW INTO COURT, through undersigned counsel, come the defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC ("defendants"), who request that they be given at least ten (10) days' written notice in advance in accordance with Article 1571 and 1572 of the Louisiana Code of Civil Procedure, of the date that this case is to be fixed for hearing or trial, and pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, of all final and interlocutory judgments.

                                        BLANCHARD, WALKER, O'QUIN & ROBERTS
                                        (A Professional Law Corporation)

By: _____
       Scott R. Wolf, La. Bar #28277

700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC. and
WAL-MART LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice of Trial and Judgment has this date been served upon the following parties by placing same in the United States Mail, postage paid.

>Jeffrey D. Guerriero
>Guerriero & Guerriero
>2200 Forsythe Avenue
>Monroe, Louisiana 71201
>*Attorneys for Plaintiff*

Shreveport, Louisiana, this 10th day of February, 2021.

_____
OF COUNSEL